UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

*Electronically filed*

CRIMINAL ACTION NO. 23-54-DCR

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                           **MOTION FOR VARIANCE**

ERNESTO MENDEZ-LOPEZ                                              DEFENDANT

\* \* \* \* \* \* \* \* \*

Defendant, Ernesto Mendez-Lopez, by counsel, respectfully moves the Court pursuant to 18 U.S.C. Sec. 3553(a)(2) to vary from the advisory guideline range of 360 months.

Ernesto Mendez-Lopez has pled guilty to an undeniably abhorrent crime. The single count to which he pled guilty carries a minimum sentence of fifteen years and a maximum sentence of thirty years. With the multiple enhancements which are applicable in this case, the advisory guideline range is equal to the maximum statutory sentence.

Ernesto has but a single criminal history point. He has been working in the United States since he was 15 years old; he came here from Guatemala without his family so that he could work. He has worked steadily since arriving in the United States and has supported his family. For at least the past thirteen years, his work has been on horse farms. He worked for Champagne Run Farm in Lexington for almost 11 years and was reliable and trustworthy, according to Maggie Wright, the owner. (Ms. Wright spoke to the undersigned and also promised to write a letter for Defendant, but counsel has not yet received that letter.)

During recent years, Ernesto developed a serious problem with alcohol; he reports

he was drinking nearly a case of beer every night before his arrest. He knew he needed treatment but was not able to figure out a way to continue to support his wife and children while receiving substance use treatment. While counsel does not suggest that Ernesto's horrific crimes were caused by his being intoxicated, she notes that Ernesto believes the behaviors are linked, and he wants treatment for his alcoholism in addition to sex offender treatment. He is remorseful for the crimes he committed, and he acknowledges the great harm he has caused to his family.

Because Ernesto came to this country at 15 without permission, he will be deported once he has served the sentence this Court imposes. A term of supervised release following his sentence of incarceration might serve to persuade him not to illegally reenter; if so, the risk to the American public of future crimes would decrease following deportation.

Because this defendant has been a good and reliable worker who has limited criminal history, and because he will receive sex offender treatment and, hopefully, alcohol abuse treatment in prison and will then be deported, counsel submits that a sentence of 360 months is greater than necessary to serve the ends of Section 3553. She submits that a sentence of 22 to 24 years would adequately reflect the gravity of his offenses, provide just punishment, and deter both this defendant and others from committing similar crimes. She therefore asks the Court to vary from the sentence the guidelines suggest, 360 months.

    Respectfully submitted,

    s/ Adele Burt Brown
    ADELE BURT BROWN
    201 West Short Street, Suite 600
    Lexington, Kentucky   40507

(859) 255-0094
adele_brown@ix.netcom.com

ATTORNEY FOR DEFENDAN

**CERTIFICATE**

I certify that I filed this MOTION FOR VARIANCE on November 27, 2023 using the CM/ECF system, which will electronically notify Hon. Erin M. Roth, Assistant United States Attorney.


s/ Adele Burt Brown
ADELE BURT BROWN